Court in *In Matter of Estate of Beabout,* 136 Ohio St., 412, at 416, 26 N. E. (2d), 211, said of Section 10509-119, General Code: "It is quite apparent, however, that the method of procedure thus provided is not exclusive."

We conclude that the plaintiff was not precluded from asserting her title by reason of failure to file exceptions. to the inclusion of the property in the inventory of her father's estate.

Finding no error in. the record, the judgment is affirmed.

*Judgment affirmed.*

HAMILTON, P. J., and Ross, J., concur.

BARCLAY ET AL., APPELLANTS, *v.* AKENHEAD ET AL., APPELLEES.

(Decided April 17, 1940.)

*Messrs. Mitchell & Mitchell* and *Mr. John A. Reddy,* for appellants.

*Messrs. Harrington, Huxley & Smith* and *Mr. Milton S. Geiger,* for appellees.

MONTGOMERY, J. The appeal to this court is on questions of law and fact. The appellants are property owners in the village of Sebring. The appellees are

the owners, or operators, or both, of buildings in the village, wherein intoxicating liquor is sold. The prayer of the petition is to enjoin perpetually such sale of intoxicants, by reason of a restrictive covenant contained in the original deeds from the proprietor of the land, at the time the village was laid out, more than forty years ago.

It is contended by the appellees that the reason for the restriction no longer exists, because of the changed character of the community and the country generally. There is some merit in the contention. Attention is directed to the syllabus and the discussion in the cases of *Jackson* v. *Stevenson,* 156 Mass., 496, 31 N. E., 691, 32 Am. St. Rep., 476, and *McClure, Trustee,* v. *Leaycraft,* 183 N. Y., 36, 75 N. E., 961.

However it is not necessary to decide the case upon that ground. The trial court in its journal entry, found: ''That the plaintiffs failed to exercise reasonable and seasonable diligence in asserting any right which they might have had to enforce a covenant in deeds prohibiting the sale, handling or giving away of beer, wine, liquor, or intoxicating drinks of any kind within the incorporated village of Sebring, so that the enforcement of said covenant would now be inequitable, and the petition of the plaintiffs should therefore be dismissed.''

With that conclusion we are in accord. The sale of beer had been legal and openly made in the village for five years prior to the bringing of this action. The sale of hard liquor had been legal, and openly made, for more than three years before the bringing of this action. The state of Ohio had without protest established a liquor store in 1934, the second store established in Ohio. The business had been open and notorious. The use of buildings had been long adjusted to the changed condition. Expenditures in varying amounts had been made by the defendants on the strength of it.

The plaintiffs and all whom they represent had acquiesced, and by acquiescence have now lost their right to insist on the covenant. To enforce it would be inequitable, and this being an action in equity the appellants must establish facts justifying intervention by a court of equity. See *Cleveland Short Line Rd. Co.* v. *Duncan,* 84 Ohio St., 463, 95 N. E., 1145; 4 Pomeroy's Equity Jurisprudence (4 Ed.), 3972, Section 280.

The last cited section concludes with this statement: ''Of course the injured party must make prompt application for relief.'' This in effect means that he is required to act as soon as he becomes aware of a violation of the restriction. To remain quiescent for a period of from three to five years, during which time violations of the restriction are constantly repeated, will not present to a court of equity, a situation calling upon it to exercise its extraordinary powers.

The same judgment may be entered as was entered in the court below.

*Petition dismissed.*

SHERICK and Ross, JJ., concur.

SHERICK and MONTGOMERY, JJ., of the Fifth Appellate District, and Ross, J., of the First Appellate District, sitting by designation in the Seventh Appellate District.